UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:24-cv-09344-MCS-KS** | Date | **February 11, 2025** |
| Title | ***Beets v. T-Mobile USA, Inc.*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO COMPEL ARBITRATION (ECF NO. 25) AND OTHERS (ECF NOS. 26, 32, 36) JS6**

Plaintiffs Carrie Beets, Kendra Conway, Angelica Shatokin, Valerie La Haie, Morgan Flint, LaDeanna Jackson, Mike Xavier, Lakea Diwa, Giovanett Ombler, Jessica Pete, Andrea Brooks, Kianni Desilva, John Ward, Angela Hayes, Asad S. Farhad, Zayah Galicia, Laurice Davis, Arnaldo Moreno, Vishal Shah, Robert Love, Jesus Mendez, Tristan Campbell, and Anne Fry filed a putative class action against Defendant T-Mobile USA for alleged deceptive practices. (*See generally* Compl., ECF No. 1.) T-Mobile filed a motion to compel arbitration of Plaintiffs' individual claims. (Mot., ECF No. 25-1.) Plaintiffs opposed, (Opp'n, ECF No. 27), and T-Mobile replied, (Reply, ECF No. 29). The Court deemed the motion appropriate for decision without a hearing. (Mins., ECF No. 31.)

## I. BACKGROUND

Plaintiffs allege that T-Mobile charges hidden fees to consumers in violation of federal and state law. (Compl. 8–11.) Relevantly, Plaintiffs claim they initiated individual arbitrations in the American Arbitration Association ("AAA") against T-Mobile previously, which T-Mobile refused to arbitrate or pay the administrative fees. (*Id.* at 2–3.) Therefore, Plaintiffs argue T-Mobile breached the arbitration

agreements with Plaintiffs under California law, and now bring suit in court. (*Id.* at 3.)

## II. LEGAL STANDARD

"[T]he Federal Arbitration Act (FAA) makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011) (quoting 9 U.S.C. § 2). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). However, every arbitration agreement is still subject to generally applicable contract defenses. *See Gutierrez v. Wells Fargo, NA*, 704 F.3d 712, 719 (9th Cir. 2012).

Generally, a court's role is limited to determining "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)).

## III. DISCUSSION

The parties agree that T-Mobile customers are subject to terms and conditions that require them to attempt to resolve disputes, including the ones at issue in this action, with the company through arbitration. Therefore, the determinative question is whether T-Mobile waived its right to arbitrate when it failed to pay fees in the AAA arbitrations. For the reasons below, the Court concludes that T-Mobile has not waived its rights, and therefore grants T-Mobile's motion.

Plaintiffs allege that they initiated individual arbitrations in 2023, and that T-Mobile "chose to default on its obligations to participate in and pay for each arbitration." (Compl. 2.) Because of this, AAA administratively closed the arbitrations. (*Id.*) T-Mobile contends that its failure to pay fees and engage in the arbitrations did not constitute a waiver of its rights because Plaintiffs' claims in this suit are different from those they tried to arbitrate. (Mot. 11.) Indeed, while the

petitioners in the arbitration disputed T-Mobile's hidden fees, they only asserted a single claim for breach of contract. (Buckley Decl. Ex. B, at 3, ECF No. 25-4; *see also* Notice of Erratum, ECF No. 28.)[1] Here, in contrast, Plaintiffs assert no breach of contract claims, and instead bring claims for violations of federal truth-in-billing rules and state consumer protection laws. (Compl. 8–11.)

In opposition, Plaintiffs argue T-Mobile waived its rights to arbitrate any dispute related to the hidden fees, and that T-Mobile should have been aware of the claims raised in this suit because the facts that underlie the present claims are the same as those in the arbitration. (Opp'n 3, 10–11.) Plaintiffs also cite the request for relief in the arbitration, which sought an order imposing statutory and civil penalties, as well as fees based on state or federal law. (*Id.* at 3–4.)

Plaintiffs' arguments are unavailing. "Waiver of the right to compel arbitration requires 'the intentional relinquishment or abandonment of a known right.'" *Musharbash v. JPMorgan Chase Bank*, No. 2:22-cv-02320-DAD-KJN, 2024 U.S. Dist. LEXIS 36251, at *14 (E.D. Cal. Feb. 29, 2024) (quoting *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022)). In other words, a defendant cannot have knowingly waived arbitration "on claims that it did not even know existed." *Id.* The ruling in *Davis v. Movement Mortgage, LLC*, No. 2:24-cv-02812 WBS JDP, 2024 U.S. Dist. LEXIS 223286 (E.D. Cal. Dec. 10, 2024), is instructive. There, a plaintiff initiated a AAA arbitration alleging labor violations related to her employment, but the defendant failed to pay fees, and so AAA terminated the arbitration. *Id.* at *1–2. Plaintiff then filed suit in court but included newly alleged discrimination claims in her complaint. *Id.* at *2. The court concluded that the new claims "involve[d] entirely different legal theories and would require different proof"; therefore, the defendant could not have known that it was waiving its right to arbitrate the claims. *Id.* at *2–3. Similarly, in *Musharbash*, the court required the plaintiff to arbitrate new claims that she did not raise in her arbitration demand because the defendant could not have waived the right to arbitrate claims it did not know existed, even though all the claims arose out of employment disputes with her employer. *See Musharbash*, 2024 U.S. Dist. LEXS 36251, at *13–14. T-Mobile relies on *Mursharbash* and *Davis* in its motion, yet Plaintiffs fail to distinguish either case. The Court is not persuaded by Plaintiffs' argument that T-Mobile should have known it was at risk for more than the contract claims merely because Plaintiffs in the arbitration sought undefined

[1] The Court credits Buckley's assertion that Beets's petition is "substantively identical" to the other plaintiffs' and hundreds of others'. (Buckley Decl. ¶ 3, ECF No. 25-2.)

relief under federal and state law in their petitions. (Opp'n 3–4.) Instead, the Court concludes Plaintiffs are alleging completely new claims based on "entirely different legal theories," and T-Mobile could not have known that Plaintiffs intended to bring these claims in the arbitration. *Davis*, 2024 U.S. Dist. LEXIS 223286, at *2; *cf. Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202–03 (11th Cir. 2011) (noting that amended complaints that "unexpectedly change[] the scope or theory of the plaintiff's claims" revive a defendant's right to compel arbitration).

T-Mobile has not waived its right to compel arbitration of the claims in the federal complaint, and the gateway issues of arbitrability must be resolved in favor of T-Mobile.

## IV. CONCLUSION

The Court grants Defendant's motion.[2] The Court orders the parties to submit all Plaintiffs' individual claims to arbitration within 30 days pursuant to the terms of the arbitration agreement. *See* 9 U.S.C. § 5. The case is stayed pending resolution of the arbitration(s). The Court directs the Clerk to remove the case from the Court's active caseload until further application by the parties or order of this Court. The parties shall file a joint status report within 120 days, and a further report every 120 days thereafter. Each report must state on the cover page the date the next report is due. Additionally, the parties must notify the Court within seven days of the conclusion of arbitration proceedings.

**IT IS SO ORDERED.**

[2] T-Mobile's motion to dismiss, (ECF No. 26), and Plaintiffs' motion to strike, (ECF No. 32), are denied as moot.